**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Alfredo MOSQUERA,**
**Defendant-Appellant.**

No. 85–5301.
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Jan. 10, 1986.

Theodore J. Sakowitz, Federal Public Defender, William M. Pearson, Asst. U.S. Atty., Miami, Fla., for defendant-appellant.

Leon B. Kellner, U.S. Atty., Michael Hursey, Linda Collins-Hertz, Nancy L. Worthington, David A. Doheny, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before GODBOLD, Chief Judge, HILL and ANDERSON, Circuit Judges.

HILL, Circuit Judge:

Appellant appeals his convictions of conspiracy to possess and possession of marijuana with the intent to import and distribute, 21 U.S.C. §§ 955a(c) and (d)(1), 955c (1982) and 18 U.S.C. § 2 (1982). He contends the evidence was insufficient to support his convictions. Finding the evidence sufficient under *United States v. Cruz-Valdez*, 773 F.2d 1541 (11th Cir.1985) (en banc), we affirm.

## FACTS

Appellant was captain of the BIERUM when the Coast Guard responded to his distress signal off the Belize coast. The BIERUM had departed Colombia twenty-four days earlier with a five day repair stop in Belize. The BIERUM was very old and rotted; it sank while in custody. It carried no legitimate cargo but had a twelve-man crew. During inspection, the Coast Guard officers discovered a crack in the engine compartment bulkhead that emitted the odor of marijuana. They subsequently located more than 300 bales of marijuana in a compartment concealed by two access plates, one of which was sealed with putty. In addition, they found charts of southern Florida marked near a known transfer point for marijuana smugglers, United States Immigration and Customs forms signed by appellant and a can of autobody putty similar to that sealing the access plate.

Appellant and the crewmembers were indicted and tried. One crewmember testified that he was hired for a one-way trip to Aruba to pick up scrap metal but appellant told them they were detouring for a ship in distress and that appellant handled all radio communications. The jury acquitted all defendants except appellant.

## DISCUSSION

We begin with the principle that a jury's verdict "must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." *Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942). Under our standard of review,

> [i]t is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided that a reasonable trier of fact could find that the evidence establishes guilt beyond a reasonable doubt. A jury is free to choose among reasonable constructions of the evidence.

*United States v. Bell*, 678 F.2d 547, 549 (5th Cir. Unit B 1982) *aff'd on other grounds*, 462 U.S. 356, 103 S.Ct. 2398, 76 L.Ed.2d 638 (1983).[1] In *United States v. Cruz-Valdez*, 773 F.2d 1541 (11th Cir.1985) (en banc) this circuit adopted a rule of reason for determining whether evidence in drug conspiracy and possession cases satisfies the sufficiency test.

> The circumstances required to establish voluntary participation in the criminal acts that are afoot may vary. There

---

1. This circuit has adopted as precedent all decisions of Unit B of the former Fifth Circuit.

*Stein v. Reynolds Securities, Inc.,* 667 F.2d 33 (11th Cir.1982).

is no set formula. A jury may find knowledgeable, voluntary participation from presence when the presence is such that it would be unreasonable for anyone other than a knowledgeable participant to be present.

*Id.* at 1546. Although no longer bound by a rigid formula, we discussed several factors that satisfy the sufficiency test, including the quantity of contraband aboard, a lengthy voyage, and whether the contraband was evident by sight or smell. Most significantly, we "recognized that it is highly improbable that drug smugglers would allow an outsider on board a vessel filled with millions of dollars worth of contraband." *Id.*

■ With respect to the conspiracy charges, the government had the burden of proving appellant's knowing and voluntary participation in an agreement between two or more persons to commit the crime charged. Inferences from circumstantial evidence may be used to establish the existence of a conspiratorial agreement. *United States v. Pontoja-Soto,* 739 F.2d 1520, 1525 (11th Cir.1984), *cert. denied,* — U.S. ——, 105 S.Ct. 1369, 84 L.Ed.2d 389 (1985). Appellant could be convicted even if he joined the conspiracy after its inception and he played only a minor role in the operation. *Id.* Moreover, appellant could be convicted of conspiracy despite his co-defendants' acquittals because the indictment charged that the defendants conspired with each other and other persons unknown to the grand jury. (R. 1, 2). " '[A] defendant may be convicted of conspiring with persons whose names are unknown or who have not been tried and acquitted, if the indictment asserts that such other persons exist, and the evidence supports their existence and the existence of a conspiracy.' " *United States v. Rodriguez,* 765 F.2d 1546, 1552 (11th Cir.1985) quoting *United States v. Sheikh,* 654 F.2d 1057, 1062 (5th Cir. Unit A 1981) *cert.denied,* 455 U.S. 991, 102 S.Ct. 1617, 71 L.Ed.2d 852 (1982). The jury

could consider appellant's radio communications and charts of southern Florida as evidence of unknown co-conspirators. Moreover, the jury could reach a common sense conclusion that a drug smuggler would necessarily have contracted with a buyer or distributor in the United States.

■ Because the presence of a large quantity of marijuana on board the BIERUM is undisputed, evidence sufficient for the jury to convict Mosquera of conspiracy would also suffice for his conviction on the possession charges. *Cruz-Valdez,* 773 F.2d at 1544.

■ The evidence against appellant is significantly stronger than in an ordinary "mere presence" claim. Appellant was the BIERUM's captain and the only person to handle radio transmissions. The jury could reasonably conclude that appellant "would neither assume command of a vessel already so laden [with contraband], nor remain in command after such a cargo had been taken on board, unless he did so with the specific and willing intent to further the object of the conspiracy." *United States v. Sanchez,* 634 F.2d 938, 941 (5th Cir. Unit B 1981).[2] Although the government presented no direct evidence on appellant's knowledge of the marijuana aboard his ship, the jury could "properly infer that the captain of a vessel is aware of the nature of his cargo." *United States v. Willis,* 639 F.2d 1335, 1339 (5th Cir. Unit A 1981).[3] In addition, the jury could consider that the owner of 300 bales of marijuana would be unlikely to leave the contraband in the custody of a non-participating ship's captain. Moreover, the jury could reasonably have inferred, from the cans of putty on board, that the access plate was sealed while appellant commanded the ship. Finally, the jury could properly consider the odor emanating from the crack in the bulkhead, the age and condition of the vessel, the large number of crew members for a supposedly cargoless voyage, the length of

---

**2.** *Id.*

**3.** The Eleventh Circuit adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981. *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

the voyage, and the charts which contained pencil marks located in an area identified as a known smuggling point. The jury's acquittal of all appellant's co-defendants supports the conclusion that it judged appellant by a different standard than the crewmen.

The evidence was sufficient to support Mosquera's convictions.

AFFIRMED.