983 F.2d 1058
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Johnnie Lee BOTTOMS, a/k/a Lee Bottoms, Defendant-Appellant.
 No. 91-5716.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: August 31, 1992
Decided: December 23, 1992
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern. Malcolm J. Howard, District Judge. (CR-91-52-4)
 Charles C. Henderson, Trenton, North Carolina, for Appellant.
 Margaret Person Currin, United States Attorney, J. Douglas McCullough, Assistant United States Attorney, Raleigh, North Carolina; Karen Skrivseth, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.
 E.D.N.C.
 AFFIRMED.
 Before WIDENER, NIEMEYER, and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Johnnie Lee Bottoms appeals from the district court's denial of his motion for acquittal or for a new trial after a jury convicted him of two counts of possession with intent to distribute cocaine in violation of 21 U.S.C.A. § 841 (West 1981 & Supp. 1992) and conspiracy to possess cocaine with intent to distribute in violation of 21 U.S.C.A. § 846 (West 1981 & Supp. 1992). The court sentenced Bottoms to a total of thirty-three months imprisonment, sixty months of supervised release, and restitution of $6000 to the Drug Enforcement Administration. Because we find the evidence sufficient to support his convictions and because we find that the court did not err in admitting into evidence statements made by Bottoms's co-conspirator, we affirm Bottoms's convictions.
 
 
 2
 Bottoms asserts that the trial court erred in denying his motion for acquittal or a new trial because there was insufficient evidence to sustain his convictions. The test for deciding a motion for a judgment of acquittal is whether there is substantial evidence (direct or circumstantial) which, taken in the light most favorable to the prosecution, would warrant a jury finding that the defendant was guilty beyond a reasonable doubt. United States v. MacCloskey, 682 F.2d 468, 473 (4th Cir. 1982).
 
 
 3
 In order to support a conviction for conspiracy, the government must show that a conspiracy existed, that the defendant had knowledge of the conspiracy, and that the defendant voluntarily became part of the conspiracy. United States v. Badolato, 701 F.2d 915, 920 (11th Cir. 1983). Proof of conspiracy may be by circumstantial evidence; it need not, and normally will not, be by direct evidence. United States v. Giunta, 925 F.2d 758, 764 (4th Cir. 1991). Complete knowledge of all aspects of the conspiracy is not required; if one joins a conspiracy with an understanding of the unlawful nature thereof and willfully joins in the plan, it is sufficient to convict him of conspiracy even though he played a minor part. United States v. Roberts, 881 F.2d 95, 101 (4th Cir. 1989). The totality of the circumstances shown by the government may suffice to permit the jury to infer the agreement necessary for a conspiracy conviction. United States v. Anderson, 611 F.2d 504 (4th Cir. 1979).
 
 
 4
 Once the existence of a conspiracy is established, evidence establishing beyond a reasonable doubt the connection of the defendant with the conspiracy, even though the connection is slight, is sufficient to convict him with knowing participation in the conspiracy. United States v. Laughman, 618 F.2d 1067, 1076 (4th Cir.), cert. denied, 447 U.S. 925 (1980), quoting United States v. Dunn, 564 F.2d 348, 357 (9th Cir. 1977). Though mere association with persons involved in illegal activity is not sufficient to establish an agreement to commit an unlawful act, United States v. Bell, 954 F.2d 232, 236 (4th Cir. 1992), a jury may find knowledgeable, voluntary participation from presence when presence is such that it would be unreasonable for anyone other than a knowledgeable participant to be present. United States v. Mosquera, 779 F.2d 628, 630 (11th Cir. 1986).
 
 
 5
 This case is not like Bell and Guinta, cases in which evidence of participation in a conspiracy was too speculative to support the conspiracy convictions. Here, ample direct evidence was presented at trial to establish that Bottoms willingly participated in a conspiracy to possess cocaine with the intent to distribute it. Bottoms introduced Jimmy Patrick Harrell ("Harrell"), a cooperating witness, to Stephen Sykes ("Sykes"), Bottoms's co-conspirator who was a cocaine supplier, so Harrell could obtain cocaine from a local source and sell it to repay his debts to Bottoms. Evidence also showed that Bottoms often accompanied Sykes when he met with Harrell and was present when Sykes and Harrell discussed one cocaine transaction. Bottoms also discussed with Harrell the quality of cocaine he purchased from Sykes. Harrell's subsequent payments to Bottoms of cash to reduce his debt to Bottoms were ostensibly proceeds from Harrell's sales of the cocaine. Sykes testified that Bottoms approached him about involving Harrell in drug distribution and that he told Bottoms the details of each transaction before and after they occurred. Construed in the light most favorable to the government, a reasonable jury could conclude from this evidence that Bottoms and Sykes entered into an agreement to involve Harrell in the distribution of cocaine so Harrell could repay his debt to Bottoms. Therefore, the evidence is sufficient to support Bottoms's conviction of conspiracy.
 
 
 6
 To establish that a defendant is guilty of possessing a controlled substance with the intent to distribute it, the government must prove beyond a reasonable doubt that the defendant knowingly possessed a controlled substance with the intent to distribute it. United States v. Samad, 754 F.2d 1091, 1096 (4th Cir. 1984). Actual possession of the drug is not required; constructive possession, which occurs when the defendant "exercises, or has the power to exercise, dominion and control over the item," is sufficient. Id., quoting Laughman, 618 F.2d at 1077.
 
 
 7
 "Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal." 18 U.S.C. § 2(a) (1988 & Supp. II 1991). Aiding and abetting means to assist the perpetrator of the crime. United States v. Williams, 341 U.S. 58, 64 (1951). In order to aid and abet another to commit a crime, a defendant must in some way associate himself with the venture, participate in it as something that he wishes to bring about, and seek by his action to make it succeed. Nye & Nissen v. United States, 336 U.S. 613, 619 (1949).
 
 
 8
 Bottoms does not dispute that Sykes possessed cocaine with the intent to distribute it on the two dates that he sold cocaine to Harrell. Bottoms associated himself with those transactions by introducing the parties, by meeting Sykes before and after the transactions, by discussing the quality of the cocaine with Harrell, and by seeking money from the proceeds of Harrell's supposed cocaine sales. This evidence was sufficient to support the jury's conclusion that Bottoms aided and abetted in the possession of cocaine with the intent to distribute it. Therefore, the district court properly denied Bottoms's motions for acquittal or a new trial.
 
 
 9
 Bottoms asserts that the district court erred in admitting through Harrell's testimony statements made by Sykes that implicated Bottoms in the conspiracy. Under Fed. R. Evid. 801(d)(2)(E), a statement is not hearsay if it is offered against a party and is a statement made by a co-conspirator of a party during the course and in furtherance of the conspiracy. In order to admit a co-conspirator's statement over an objection that it does not qualify under Fed. R. Evid. 801, a court must find by a preponderance of the evidence that there was a conspiracy involving the declarant and the non-offering party and that the statement was made "during the course and in furtherance of the conspiracy." Bourjaily v. United States, 483 U.S. 171, 175 (1987).
 
 
 10
 A preponderance of the evidence established that Sykes and Bottoms were engaged in a conspiracy to involve Harrell in sales of drugs. The statements the court admitted were telephone calls and conversations between Harrell and Sykes concerning meetings, price and quantity of drugs, and completing the transactions. Since a preponderance of the evidence also establishes that the statements were made during the course of and in furtherance of the conspiracy, the district court did not err in admitting them as evidence.
 
 
 11
 We therefore affirm Bottoms's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED