66 F.3d 317
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edward L. TOWNES, Defendant-Appellant.
 No. 94-5878.
 United States Court of Appeals, Fourth Circuit.
 Sept. 14, 1995.
 
 David L. Epperly, Jr., Epperly, Follis & Schork, P.C., Richmond, VA, for appellant. Helen F. Fahey, U.S. Atty., Nicholas S. Altimari, Asst. U.S. Atty., Richmond, VA, for appellee.
 Before WILKINS and MICHAEL, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Edward Townes appeals his conviction after a jury trial on one count of conspiracy to distribute and conspiracy to possess with intent to distribute cocaine base, and one count of distribution and possession with intent to distribute cocaine base. We affirm.
 
 
 2
 Townes entered into an agreement with Kenneth Morgan to acquire cocaine base from a supplier at $25,000 a kilogram. Morgan, in turn, sold the drugs to his other partners for $27,000. Of the $2000 profit, Townes kept $1500 and Morgan kept $500.
 
 
 3
 Townes set up two deals in which he arranged for Haile Hopson, the supplier, to provide a kilogram of cocaine base to Morgan and his partners. On April 27, 1994, a third transaction was scheduled. That transaction, however, did not proceed as planned. Without consulting Townes, Hopson decided to rob Morgan and his partners of the $27,000. On the day of the transaction, Hopson arrived with two friends. Hopson brought 250 grams of cocaine base just in case the robbery was called off. A shootout ensued and Hopson and his friends fled with the money. Townes was present during the entire incident. Based on the April 27, 1994, incident, Townes was arrested and indicted for conspiracy to distribute and distribution of cocaine base.
 
 
 4
 At the close of the Government's case, Townes moved for judgment of acquittal. The motion was denied. On appeal, Townes contends that the district court erred in denying his motion for judgment of acquittal on the first count because there was no evidence of a conspiracy between Townes and Hopson. Townes also asserts that the district court erred in denying his motion for judgment of acquittal on the second count because there was no evidence that Townes ever possessed cocaine base.
 
 I.
 
 5
 This court has held that the standard of review applicable to a denial of a motion for judgment of acquittal is "whether there is substantial evidence (direct or circumstantial) which, taken in the light most favorable to the prosecution, would warrant a jury finding that the defendant was guilty beyond a reasonable doubt." United States v. MacCloskey, 682 F.2d 468, 473 (4th Cir.1982). In determining the existence of substantial evidence, the court neither weighs the evidence nor considers the credibility of witnesses. Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Arrington, 719 F.2d 701, 704 (4th Cir.1983), cert. denied, 465 U.S. 1028 (1984).
 
 II.
 
 6
 Townes alleges that the evidence was insufficient to support his conviction of conspiracy to possess and distribute cocaine base. Specifically, he asserts that the Government failed to prove a conspiracy because, during the third drug transaction, Hopson was planning a theft, of which Townes was unaware. Thus, Townes claims because there was never a meeting of the minds, there could not have been a conspiracy.
 
 
 7
 To support a conviction for conspiracy, the government must show that a conspiracy existed, that the defendant had knowledge of the conspiracy, and that the defendant voluntarily became part of the conspiracy. United States v. Badolato, 701 F.2d 915, 920 (11th Cir.1983). Proof of conspiracy may be by circumstantial evidence; it need not, and normally will not, be by direct evidence. United States v. Giunta, 925 F.2d 758, 764 (4th Cir.1991). Though mere association with persons involved in illegal activity is not sufficient to establish an agreement to commit an unlawful act, United States v. Bell, 954 F.2d 232, 237 (4th Cir.1992), a jury may find knowledgeable, voluntary participation from presence when presence is such that it would be unreasonable for anyone other than a knowledgeable participant to be present. United States v. Mosquera, 779 F.2d 628, 629-30 (11th Cir.1986).
 
 
 8
 Morgan and Hopson testified that Townes was the linchpin in their plan to sell and purchase cocaine base. Thus, the Government clearly established the existence of a conspiracy. Further, Townes had knowledge of, and voluntarily became a part of, the conspiracy. Finally, Townes's claim that there could not have been a conspiracy because he was unaware of Hopson's plan to rob Morgan is without merit. Complete knowledge of all aspects of the conspiracy is not required; if one joins a conspiracy with an understanding of the unlawful nature thereof and willfully joins in the plan, it is sufficient to convict him of conspiracy even though he played a minor part. United States v. Roberts, 881 F.2d 95, 101 (4th Cir.1989).
 
 III.
 
 9
 Townes also contends that the district court erred in denying his motion for judgment of acquittal on the second count. Townes claims that the Government failed to show that he possessed cocaine base during the April 27, 1994, incident.
 
 
 10
 "Constructive possession exists when the defendant exercises, or has the power to exercise, dominion and control over the item[,]" United States v. Laughman, 618 F.2d 1067, 1077 (4th Cir.), cert. denied, 447 U.S. 925 (1980), and has knowledge of the item's presence. United States v. Bell, 954 F.2d 232, 235 (4th Cir.1992); United States v. Schocket, 753 F.2d 336, 340 (4th Cir.1985). Both of these components may be established by circumstantial evidence. Bell, 954 F.2d at 235; United States v. Zandi, 769 F.2d 229, 235 (4th Cir.1985); Laughman, 618 F.2d at 1077.
 
 
 11
 Townes believed that Hopson had cocaine base at the April 27, 1994, transaction. Hopson possessed cocaine base at the transaction, and he did so at Townes's direction. Townes set up the meeting. Thus, Townes was aware of the presence of the cocaine base, and he had the power to exercise dominion and control over the cocaine base, as he did at previous transactions. Consequently, Townes constructively possessed the 250 grams of cocaine base, which Hopson had on his person. See United States v. Crockett, 813 F.2d 1310, 1316 (4th Cir.) (evidence that co-defendant was present at drug transactions, drove the car in which contraband was found, and left many phone messages with drug dealer established constructive possession of drugs), cert. denied, 484 U.S. 834 (1987).
 
 
 12
 Accordingly, we affirm the order of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.
 
 
 13
 AFFIRMED.