# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

RALPH ISREAL MORA,
          *Defendant-Appellant.*

No. 00-4573

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CR-99-183)

Submitted: March 13, 2001

Decided: April 17, 2001

Before WILKINS, LUTTIG, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Bridgette B. Aguirre, Fuquay-Varina, North Carolina, for Appellant. Janice McKenzie Cole, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

A jury convicted Appellant Ralph Isreal Mora of one count of conspiracy to possess with intent to distribute and distribution of crack cocaine, in violation of 21 U.S.C. § 846 (1994), and one count of aiding and abetting the distribution and possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (1994) and 18 U.S.C. § 2 (1994). On appeal, Mora contends that the evidence was insufficient to sustain the conspiracy conviction. Finding no reversible error, we affirm.

A jury's verdict must be upheld on appeal if there is substantial evidence in the record to support it. *Glasser v. United States*, 315 U.S. 60, 80 (1942). In determining whether the evidence in the record is substantial, we view the evidence in the light most favorable to the government, and inquire whether there is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt. *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). In evaluating the sufficiency of the evidence, we do not review the credibility of the witnesses and we assume that the jury resolved all contradictions in the testimony in favor of the government. *United States v. Romer*, 148 F.3d 359, 364 (4th Cir. 1998).

The elements of the conspiracy charge are: (1) an agreement existed between two or more people to distribute drugs; (2) the defendant knew of the conspiracy; and (3) the defendant knowingly and voluntarily joined the conspiracy. *Burgos*, 94 F.3d at 857. A defendant need not know the details of the conspiracy's structure and organization or the identities of every conspirator. *Id.*, 94 F.3d at 858. The Government may prove that a conspiracy existed by circumstantial evidence; it need not, and normally will not, be proven by direct evidence. *Id.* at 857. Once the existence of a conspiracy is established, only a slight link between a defendant and the conspiracy is needed to support a conviction. *United States v. Brooks*, 957 F.2d 1138, 1147 (4th Cir. 1992). In sustaining a conspiracy conviction, "there need only be a showing that the defendant knew of the conspiracy purpose and some action indicating his participation." *United States v. Col-*

*lazo*, 732 F.2d 1200, 1205 (4th Cir. 1984). A jury may find knowledgeable, voluntary participation from presence when presence is such that it would be unreasonable for anyone other than a knowledgeable participant to be present. *United States v. Mosquera*, 779 F.2d 628, 629-30 (11th Cir. 1986).

Mora contends that the evidence was insufficient to show that there was a conspiracy and that he voluntarily intended to join the conspiracy. After reviewing the evidence in the light most favorable to the Government, we find that there was sufficient evidence to support the conspiracy conviction.

Accordingly, we affirm Mora's convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*