**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Raymond RICHARDS,
Defendant-Appellant.**

No. 78–5728.

United States Court of Appeals,
Fifth Circuit.

June 1, 1981.

---

Milton E. Grusmark, Miami, Fla., for defendant-appellant.

Linda Carroll, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before GODBOLD, Chief Judge, and GEE and RUBIN, Circuit Judges.

PER CURIAM:

In his application for rehearing, Richards questions the statutory authority of the DEA agents to make a warrantless extended border search. Whether the search was valid as a border search was an issue raised in the trial court, in the briefs filed in this Court and before the panel on oral argument. The district court, relying in part on the concept of border searches, upheld the warrantless search. Similarly, the panel opinion upheld the search as a valid extend-

ed border search. At no time before filing his application for rehearing did Richards question the statutory authority of the DEA agents to conduct a border search.

Generally, an appellate court does not consider issues raised for the first time on appeal. In the *Matter of Novak*, 639 F.2d 1274, 1276 (5th Cir. 1981). Moreover, absent exceptional circumstances we do not consider issues that are first presented in an application for rehearing. *Moore v. United States*, 598 F.2d 439 (5th Cir. 1979); *United States v. Sutherland*, 428 F.2d 1152, 1158 (1970), *appeal after remand*, 463 F.2d 641 (5th Cir.), *cert. denied*, 409 U.S. 1078, 93 S.Ct. 698, 34 L.Ed.2d 668 (1977) ("Having tried and appealed its case on one theory, an unsuccessful party may not then use a petition for rehearing as a device to test a new theory.") In light of the repeated opportunities to raise the issue of the statutory validity of the search and the nature of the claim, no exceptional circumstances are here presented.

Therefore, the petition for rehearing is DENIED.

GODBOLD, Chief Judge, dissents.