**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Hector MARTINEZ; Jorge Gomez;
Humberto Gallo, Defendants–
Appellants.**

No. 93–4076.

United States Court of Appeals,
Eleventh Circuit.

Sept. 13, 1996.

William A. Meadows, Jr., Miami, FL, Thomas W. Risavy, South Miami, FL, for Hector Martinez.

Steven E. Kreisberg, Coconut Grove, FL, for Jorge Gomez.

Richard C. Klugh, Asst. Federal Public Defender, James R. Gailey, Federal Public Defender, Ft. Lauderdale, FL, for Humberto Gallo.

Roberto Martinez, U.S. Atty., Jeanne M. Mullenhoff, Asst. U.S. Atty., Miami, FL, for U.S.

ON PETITION FOR REHEARING

Before EDMONDSON and BIRCH, Circuit Judges, and FOREMAN *, Senior District Judge.

### PER CURIAM:

On petition for rehearing, Humberto Gallo now claims that the court's affirmance of his conviction, see *U.S. v. Martinez*, 83 F.3d 371 (11th Cir.1996), clashes with our decision in *U.S. v. Thomas*, 987 F.2d 697 (11th Cir.1993) (codefendant's testimony cannot be considered in ruling on motion for judgment of acquittal made at the close of the government's case). Gallo, who moved for a judgment of acquittal following the government's case-in-chief, argues that we incorrectly considered the later testimony of one of his codefendants (Martinez) in determining the sufficiency of the evidence against him. Because the conviction was correctly affirmed, we deny Gallo's petition for rehearing.

### I. *Waiver on Appeal*

■ We do not consider issues or arguments raised for the first time on petition for rehearing. *U.S. v. Richards*, 646 F.2d 962, 963 (5th Cir.1981) ("[A]bsent exceptional circumstances we do not consider issues that are first presented in an application for rehearing."); *U.S. v. Sutherland*, 428 F.2d 1152, 1158 (5th Cir.1970) ("Having tried and appealed its case on one theory, an unsuccessful party may not then use a petition for rehearing as a device to test a new theory."), *appeal after remand*, 463 F.2d 641 (5th Cir. 1972). On appeal, Gallo neither raised this issue nor made his present argument.

### A. *Failure to Raise the Issue on Appeal*

■ Nowhere in his briefs did Gallo frame the issue on appeal as the sufficiency of the evidence before the district court *at the close of the government's case*. Instead, Gallo said the issue was "[w]hether the evidence was sufficient to prove that Gallo conspired to possess cocaine with intent to distribute." (Gallo's Opening Brief, p. 2.) By contrast,

his codefendant Gomez, who also moved for acquittal at the close of the government's case and rested immediately thereafter, stated his issue on appeal in a different way:

> Whether the trial court erred in failing to grant Appellant's motion for judgment of acquittal as to Counts I, II and III of the superseding indictment *at the close of the government's case,* based upon insufficiency of the evidence as a matter of law to prove knowledge on his part that drugs were involved?

(Gomez's Brief, p. 1.) (Emphasis added.)

These questions are not the same. Precedents have already pointed out the difference. The Fifth Circuit has explained the distinction as follows:

> Brechtel purports to challenge the district court's denial of his motions for judgment of acquittal under Fed.R.Crim.P. 29(a) as well as raise a sufficiency claim. By presenting defense evidence, Brechtel waived any objection to the district court's denial of his Rule 29(a) motion at the close of the government's case-in-chief. *E.g.,* *United States v. Elam*, 678 F.2d 1234 (5th Cir.1982). Thus, *Brechtel's challenge to the denial of his latter Rule 29(a) motion simply restates the sufficiency claim.*

*U.S. v. Brechtel,* 997 F.2d 1108, 1115 n. 31 (5th Cir.1993) (emphasis added).[1] *Cf. U.S. v. Lyons,* 53 F.3d 1198, 1203 (11th Cir.1995) ("*Thomas* prohibits consideration of such testimony only in the *court's* consideration of a Rule 29 motion made at the close of the government's case. The jury, however, is free to consider all evidence in the record at the time they receive the case.") (emphasis in original). As in *Brechtel*, before the district court submitted the case to the jury, Gallo again moved for a judgment of acquittal (R., Vol. 4, p. 64); and—given Gallo's statement to us of the question presented—it is only the denial of this motion that he appealed. So, the question before us about Gallo's con-

---

* Honorable James L. Foreman, Senior U.S. District Judge for the Southern District of Illinois, sitting by designation.

1. Rule 29(a) of the Federal Rules of Criminal Procedure provides in pertinent part:

    The court on motion of defendant or of its own motion shall order the entry of judgment of acquittal of one or more offenses charged in the indictment or information after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses.

viction was whether there was sufficient evidence based on all of the evidence admitted at trial.

## B. *Failure to Argue on Appeal*

■ Even if we assume that Gallo had properly framed the issue on appeal, never did he argue that it was or would be error to consider Martinez's testimony. Gallo simply argued that nothing in the actions or statements made by Gallo or the other participants indicated that Gomez or Martinez had knowledge of the cocaine aspect of the crime and, therefore, contended that the evidence was insufficient to convict him. (Gallo's Opening Brief, p. 11.)

Considering that neither Gallo nor Gomez testified, the only "statements" "made by Gallo or the other participants" were Gallo's statements to the government agent and confidential informant and Martinez's testimony. Before the petition for rehearing, Gallo had never argued that the appellate court was limited in the evidence it could consider in determining the sufficiency of the evidence.[2] In its appellate brief, the government did not differentiate among the three defendant-appellants, but argued that "the record is replete with evidence to sustain appellants' convictions" based on the entirety of the evidence admitted at trial, including Martinez's testimony. (United States's Brief, pp. 18, 21–22.) But nowhere in Gallo's Reply Brief did Gallo try to distinguish the evidence that could be used against him from the evidence that might properly be used only against one or both of his codefendants. (Gallo's Reply Brief, p. 2.)

## II. *Waiver at Trial*

■ Even if we assume that Gallo—during the course of his appeal—had properly preserved both the issue he now tries to advance and his present argument regarding

it, he—at trial—waived the underlying legal proposition by making affirmative use of Martinez's testimony. By introducing evidence or by using evidence introduced by a codefendant, a defendant waives his right to have the sufficiency of the evidence determined as the evidence was at the close of the government's case. *Thomas,* 987 F.2d at 703 ("[W]hen a defendant offers rebuttal evidence, he 'forgoes or waives appellate review of [any error in] the denial of the motion.' ") (quoting *U.S. v. Rhodes,* 631 F.2d 43, 44 (5th Cir. Unit B 1980)); *U.S. v. Cardenas Alvarado,* 806 F.2d 566, 570 n. 2 (5th Cir.1986).

In *Cardenas Alvarado,* the Fifth Circuit held that it would evaluate a codefendant's testimony in determining the sufficiency of the evidence because the defendant *"utilized his codefendant's testimony* concerning duress *in his closing argument,* and requested that the jury be instructed on duress." *Id.* (Emphasis added.) In a similar way, Gallo's counsel, in his summation to the jury, argued as follows:

> One other witness testified about elements of knowledge and conspiracy. That is Martinez. Mr. Waters [the prosecutor] would have you disbelieve his testimony.
>
> If you will get up on the stand and lie, then you get up on the stand and you exonerate yourself completely. That is not what Mr. Martinez did. He got up, and he admitted to you he was involved in a rip-off of a burglary; right? He admitted to a crime. What he said as I am telling you in Mr. Gallo's case, it was not possession of cocaine. It was not conspiracy to possess cocaine. It was money. "We went there to get money."

(3 SR, Vol. I, p. 13.)[3]

■ Lawyers know that argument to the jury must be based solely on the evidence admitted at trial. *See e.g., U.S. v. Herber-*

---

2. Gallo never even cited *Thomas.* Gallo's opening brief does "adopt" portions of both Gomez's and Martinez's briefs and both cite *Thomas.* Neither, however, relies on it for the proposition that a codefendant's testimony cannot be considered when reviewing sufficiency of the evidence in a case such as this one.

3. As did the defendant in *Cardenas Alvarado,* Gallo requested a jury instruction that sought to

take advantage of a codefendant's testimony. That Gallo would have requested this theory of defense instruction even absent Martinez's testimony is likely, however. We, in finding waiver in this case, do not rely on Gallo's requested instruction and do not believe the requested instruction was the crucial factor in finding waiver in *Cardenas Alvarado* either.

*man,* 583 F.2d 222, 230–231 (5th Cir.1978) (references during summation to witnesses who did not testify constituted, among other things, basis for reversal for failure to receive fair and impartial trial); *U.S. v. Morris,* 568 F.2d 396, 401, 402 (5th Cir.1978) ("attorney may not inject into his argument any extrinsic or prejudicial matter that has no basis in the evidence.") (improper summation constituted error). In the light of the argument made to the jury by Gallo's lawyer, he must have believed that Martinez' testimony, including Martinez's supposed veracity, was part of the "evidence" in Gallo's case and, thus, could be considered in determining "sufficiency." More important, Gallo's attempt to "utilize his codefendant's testimony to advantage" constituted a waiver of the right to have the sufficiency of the evidence against him looked at as the evidence stood at the close of the government's evidence.

### III. *Conspiracy with an Unnamed Co–Conspirator*

▓ Even if we assume that Gallo did not waive his right to a mid-trial determination of the sufficiency of the evidence against him, Gallo's present argument is meritless. Gallo seems to assume that his conviction must be based on a conspiracy with Martinez. That is not so.

In the context of our previous opinion, we pointed out the obvious: because Martinez's conviction was upheld, Gallo's argument that he lacked co-conspirators was without merit. *U.S. v. Martinez,* 83 F.3d 371, 375 (11th Cir.1996). We did not say that Gallo's conspiracy conviction was dependent upon Martinez's conspiracy conviction. It is not.

▓ We have repeatedly held that a defendant may be convicted of conspiring with "persons unknown," if sufficient evidence supports the existence and involvement of such unknown persons. *See U.S. v. Mosquera,* 779 F.2d 628, 630 (11th Cir.1986); *U.S. v. Carcaise,* 763 F.2d 1328, 1331 (11th Cir. 1985).[4] In *Mosquera,* the Coast Guard discovered 300 bales of marijuana on board a boat. The captain and crew were charged

with, among other things, conspiracy to possess marijuana with intent to distribute. The jury convicted the captain but acquitted his crew. On appeal, we held that the jury could reasonably infer the existence of unknown conspirators: "the jury could reach a common sense conclusion that a drug smuggler would necessarily have contracted with a buyer or distributor in the United States." *Id.*

In *Carcaise,* we upheld defendant's conviction for conspiracy to possess drugs with intent to distribute despite the absence of convicted codefendants and despite the fact that the "unknown person" with whom the defendant conspired was never identified. The only evidence of the existence of such an unknown person was defendant's statements referring to "the guy," "my friend" and "these people." *Carcaise,* 763 F.2d at 1331 n. 6.

In the present case, the government presented evidence to establish the following facts and to convict Gallo, apart from whatever evidence Martinez introduced after the government rested. Gallo contacted a government agent and stated that he was interested in a "drug rip." (R., Vol. 3, p. 27.) At a later meeting, Gallo "said that he had the guns and *the people ready* [to steal the 50 kilograms of cocaine]. He was a professional. He had done this before." (R., Vol, 3, p. 30) (emphasis added). Finally, Gallo was to receive 25 kilograms of cocaine as his share of the "drug rip." (R., Vol. 3, p. 31.) Gallo's statement that "he had the guns and the people ready" was legally sufficient for the jury to conclude that Gallo had entered into a conspiracy with somebody to steal cocaine. For the government's evidence to be sufficient to convict Gallo, it was not necessary for the evidence to be sufficient to allow the jury to identify with particularity the other conspirator or conspirators. It is enough that the evidence was sufficient to show that Gallo conspired with someone.

▓ The government presented sufficient evidence in its case-in-chief for a jury to

---

**4.** Count I of the indictment charges that Gallo, Gomez and Martinez "did knowingly and intentionally combine, conspire, confederate and

agree with each other and persons known and unknown ..."

convict Gallo of entering into a conspiracy with someone to possess and distribute cocaine. That this same evidence was, by itself, insufficient to convict Gomez or Martinez is without consequence to the analysis of the *sufficiency of the evidence* for *Gallo*.[5] That the government relied on different evidence (Martinez's testimony) to establish Martinez's guilt and that this evidence would not have been considered in evaluating Gallo's mid-trial Rule 29(a) motion is also beside the point.[6]

On the bases discussed above, each of which would be sufficient by itself, we conclude Gallo has demonstrated no reversible error on *Thomas* grounds; and we—having also looked at all the other arguments advanced in the petition [7]—deny his petition for rehearing.

PETITION DENIED.

---

5. That some alleged conspirators in the same conspiracy are not convicted—in and of itself—means nothing. For example, even if both Gomez and Martinez had been acquitted by the jury, Gallo's conviction could stand given the government's evidence against him. *U.S. v. Andrews*, 850 F.2d 1557, 1561 (11th Cir.1988) ("Consistent verdicts are unrequired in joint trials for conspiracy: where all but one of the charged conspirators are acquitted, the verdict against the one can stand."). *Cf. U.S. v. Powell*, 469 U.S. 57, 64–65, 105 S.Ct. 471, 476, 83 L.Ed.2d 461 (1984) ("[W]here truly inconsistent verdicts have been reached, the most that can be said … is that the verdict shows that either in the acquittal or the conviction the jury did not speak their real conclusions, but that does not show that they were not convinced of the defendant's guilt") (internal quotation marks and citations omitted).

6. We have assumed throughout this opinion that *U.S. v. Thomas, supra*, would apply to an analysis

of Gallo's conspiracy conviction predicated on a conspiracy involving only Gallo, Gomez and Martinez. We note that *Thomas* may be distinguishable, but pass over that question.

7. In the course of studying Gallo's motion for rehearing and our 20 May 1996 opinion, we did see in the opinion a sentence about defendant Gomez that is not strictly accurate: "We have found no evidence proving Gomez knew he was going to the house to steal cocaine." 83 F.3d at 374. Among other things, that cocaine was, in fact, stolen by Gomez is some evidence that cocaine was what Gomez intended to steal: "acts indicate the intention" is an old maxim. So, we strike in its entirety the sentence about Gomez which we have quoted from the 20 May opinion. Instead, we substitute this sentence: We have not found enough evidence to prove Gomez knew he was going to the house to steal cocaine.