**Bobby Lee MALADY, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 96–2165.**

United States Court of Appeals,
Eighth Circuit.

Submitted March 7, 1997.

Decided July 14, 1997.

discovery process while exempting them when   counsel ignores the case altogether.

Gabriel E. Gore, Assistant U.S. Attorney, argued, for appellee.

Before McMILLIAN, FAGG and LOKEN, Circuit Judges.

PER CURIAM.

Bobby Lee Malady asks us to reconsider our decision affirming the district court's order denying Malady's 28 U.S.C. § 2255 motion. *See Malady v. United States*, 108 F.3d 1382 (unpublished table decision). Recognizing two of Malady's earlier robbery convictions were unchallenged, we decided the trial court properly enhanced Malady's sentence under 18 U.S.C. § 924(e). In so doing, we specifically rejected Malady's claim that the State of Missouri restored his civil rights within the meaning of 18 U.S.C. § 921(a)(20) when it commuted his sentence on a 1974 drug-sale conviction. (The commutation also applied to a related 1974 conviction for drug possession.) In support of his petition for rehearing, Malady has submitted a certificate purportedly showing that Missouri's parole board restored Malady's civil rights when he was discharged from his sentence on the 1974 drug-possession conviction.

On its face, however, the document attached to Malady's petition does not restore Malady's civil rights on his drug-sale conviction, and the restoration of rights on this conviction is critical to the issue presented in Malady's § 2255 motion. Additionally, Malady does not suggest the drug-sale conviction was clerically omitted from the certificate or explain why he did not earlier produce the certificate or disclose its existence. In sum, Malady's petition for rehearing relies on evidence that was neither presented to the district court nor raised in this court until now, and Malady has not shown that we overlooked or misapprehended any point of fact or law at the time we rendered our decision in this case. *See* Fed. R.App. P. 40; *United States v. Vasquez*, 985 F.2d 491, 497 (10th Cir.1993); *see also United States v. Martinez*, 96 F.3d 473, 475 (11th Cir.1996) (per curiam) (issues or arguments raised for first time in petition for rehearing will not be considered), *cert. denied*, —— U.S. ——, 117 S.Ct. 998, 136 L.Ed.2d 877 (1997); *United States v. Klotz*, 503 F.2d 1056, 1056 (8th Cir.1974) (per curiam) (same).

We thus deny Malady's petition.