[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-13785
Non-Argument Calendar

_____

**FILED**

**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**July 19, 2005**
**THOMAS K. KAHN**
**CLERK**

D. C. Docket No. 03-20530-CR-JAL

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIE STRINGFIELD, III,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 19, 2005)**

Before BIRCH, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Willie Stringfield, III, a federal prisoner convicted of five drug-related

offenses, appeals his conviction for conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846. Although a jury convicted Stringfield of the conspiracy offense, Stringfield argues that the verdict was not supported by sufficient evidence. After a review of the evidence adduced at trial, we **AFFIRM**.[1]

## I. BACKGROUND

In June 2003, the Miami Police Department ("MPD") initiated surveillance of an apartment located at 521 N.W. 56th Street in Miami, Florida, in response to citizen complaints that various individuals were using the apartment to sell drugs. While conducting the surveillance, MPD officer Milton McKinnon saw Stringfield on the porch of the apartment building and witnessed multiple individuals approach Stringfield, converse with him, hand him money, and receive something from Stringfield. Other individuals were accompanied inside the apartment by Stringfield and would depart shortly thereafter. While these exchanges were being conducted, McKinnon noticed that an individual later identified as Kalil Johnson was riding a bicycle back and forth outside of the apartment building. At times,

---

[1] Stringfield also argues that, if the conspiracy conviction was improper, we should remand for resentencing because the mandatory minimum sentence for the conspiracy conviction affected the complete sentencing package imposed by the district judge. Based on our disposition of Stringfield's sufficiency of the evidence argument, however, we need not consider his argument that he is entitled to resentencing.

Johnson would stop to speak with Stringfield and then continue to ride his bicycle in front of, and around, the apartment building area. Finally, McKinnon noticed a man later identified as Leonard Hanna approach Stringfield and hand him money. Hanna and Stringfield then entered the apartment and exited several minutes later. McKinnon alerted other MPD officers who arrested Hanna and discovered that he had several baggies containing cocaine and cocaine base. Hanna later admitted that he bought the drugs from Stringfield and that, when he entered the apartment, two other persons were within and that one of them was holding a gun.

While Hanna was being arrested, four other individuals arrived at the apartment in a vehicle, were greeted by Stringfield, and entered the apartment. Several minutes later, Stringfield and the four individuals ran out of the apartment and drove away. They subsequently were apprehended by MPD officers. A search of the five individuals revealed that none of them had drugs with them; but, Stringfield was carrying over $300 in cash.

After Stringfield and the four individuals drove away from the apartment, McKinnon saw Johnson and another individual enter the apartment building, exit with cocaine, and begin to sell the cocaine in the street. Following this, MPD officers moved in to arrest Johnson and the other individual. They both fled and MPD officers were able to arrest Johnson. Subsequently, MPD officers searched

3

the apartment and discovered large amounts of baggies containing cocaine, cocaine base, and marijuana. In addition, MPD officers discovered two loaded semi-automatic assault rifles and ammunition. MPD officers returned to the apartment several days later, discovered Stringfield within, and arrested him.

On 9 October 2004, a federal grand jury returned a superceding indictment that charged Stringfield with: (1) conspiring with persons known and unknown to the grand jury to distribute and possess with intent to distribute cocaine base, or "crack" cocaine ("Count 1"); (2) possession with intent to distribute crack cocaine ("Count 2"); (3) distributing crack cocaine ("Count 3"); (4) possession with intent to distribute cocaine ("Count 4"); (5) possession with intent to distribute marijuana ("Count 5"); (6) conspiracy to possess a firearm in furtherance of drug trafficking crimes ("Count 6"); and (7) possession of a firearm in furtherance of drug trafficking crimes ("Count 7"). After Stringfield pled not guilty, a jury trial ensued. The government presented evidence from the June 2003 surveillance through the testimony of various MPD officers and Hanna. After the government rested, counsel for Stringfield moved for judgment of acquittal on the grounds that there was insufficient evidence that Stringfield conspired with anyone to engage in drug distribution. After the district court denied the motion, Stringfield's counsel presented his defense, which consisted of Stringfield testifying on his own behalf

that he neither possessed nor sold any drugs. Ultimately, the jury convicted Stringfield on Counts 1, 2, 4, 5, and 6 and acquitted him on Counts 3 and 7. Based on these convictions and the findings in Stringfield's presentence investigation report, the district court imposed on Stringfield sentences of 120 months of imprisonment each for Counts 1, 2, and 6, 60 months for Count 5, and 20 months for Count 4, all to be served concurrently.

On appeal, Stringfield argues that the district court erred by denying his motions for judgment of acquittal because there was insufficient evidence to support his conviction on Count 1 for conspiring to distribute and possess with intent to distribute crack cocaine. Specifically, Stringfield argues that the evidence did not demonstrate beyond a reasonable doubt that anyone agreed with him or conspired with him to possess and distribute crack cocaine.[2]

## II. DISCUSSION

"In reviewing the sufficiency of the evidence, we view it de novo, but in the light most favorable to the government, and accepting all reasonable inferences which support the verdict in order to determine if there was substantial evidence from which a reasonable trier of fact could have concluded that the defendants

---

[2] We note that Stringfield's appeal is limited to the issue of the sufficiency of evidence for his conviction on the Count 1 conspiracy charge. He does not challenge his convictions on the other counts or his sentence.

5

were guilty beyond a reasonable doubt." United States v. Adkinson, 158 F.3d 1147, 1150 (11th Cir. 1998).

A district court may grant a motion for judgment of acquittal for "any offense for which the evidence is insufficient to sustain a conviction." FED. R. CRIM. P. 29(a). In order to sustain a conviction under § 846, "the government must prove that there is an agreement by two or more persons to violate the narcotics laws." United States v. Parrado, 911 F.2d 1567, 1570 (11th Cir. 1990). "Mere presence at the scene is not enough; however, direct evidence of a conspiracy is not required." Id. (citations omitted). "Because the essential nature of conspiracy is secrecy, a conspiracy conviction may be based upon circumstantial evidence." Adkinson, 158 F.3d at 1153; see United States v. Farris, 77 F.3d 391, 394 (11th Cir. 1996) (noting that a drug conspiracy may be proved by "inferences from the conduct of the alleged participants"). "[A] defendant may be convicted of conspiring with 'persons unknown,' if sufficient evidence supports the existence and involvement of such unknown persons." United States v. Martinez, 96 F.3d 473, 477 (11th Cir. 1996) (per curiam).

Based on these standards and the evidence adduced at trial, we conclude that sufficient evidence supported Stringfield's conspiracy conviction. First, there was evidence that Stringfield had arranged for Johnson to act as a lookout during drug

transactions. Johnson was seen not only riding his bicycle back and forth in front of, and around, the apartment building area where Stringfield was selling drugs, he was also seen speaking with Stringfield periodically. This conduct supported the inference that Stringfield had conspired with Johnson to facilitate the sale of drugs. See United States v. Green, 40 F.3d 1167, 1173 (11th Cir. 1994) (noting that "lookouts riding on bicycles" are commonly employed in drug distribution conspiracies to conduct countersurveillance). Moreover, the evidence that Johnson went into Stringfield's apartment after Stringfield left and emerged to sell drugs in the street supported the inference that Johnson was a part of Stringfield's drug distribution scheme. Second, in addition to the evidence about Johnson's relationship with Stringfield, Hanna's testimony that two other individuals were inside Stringfield's apartment and assisted in the sale of drugs to him is evidence that Stringfield had coconspirators. Particularly, Hanna's testimony that one of these individuals had a firearm supports the finding that these individuals were involved in Stringfield's drug conspiracy. See United States v. Baggett, 954 F.2d 674, 677 (11th Cir. 1992) (noting that firearms are "a common tool of the drug trade"). That these individuals were not named in the indictment is of no moment; "[t]he critical element of evidence is that such unknown persons must exist," United States v. Carcaise, 763 F.2d 1328, 1331 (11th Cir. 1985). Here, Hanna's

7

testimony was that they existed and, ostensibly, the jury believed his testimony. See United States v. Glinton, 154 F.3d 1245, 1258 (11th Cir. 1998) (noting that when reviewing for sufficiency of evidence an appellate court "must accept all of a jury's inferences and determinations of witness credibility"). In sum, viewing the evidence in the light most favorable to the government, there was sufficient evidence for a reasonable jury to find Stringfield guilty of conspiracy to distribute and possess with intent to distribute crack cocaine beyond a reasonable doubt. Although Stringfield posits alternative conclusions the jury could have reached in analyzing this evidence, this line of argumentation is insufficient to warrant the reversal of his conviction. See United States v. Lyons, 53 F.3d 1198, 1202 (11th Cir. 1995) ("Evidence need not be inconsistent with every reasonable hypothesis except that of guilt in order to be sufficient."). Accordingly, the district court did not err in denying Stringfield's motions for judgment of acquittal because his conspiracy conviction was supported by sufficient evidence.

### III. CONCLUSION

After viewing all the evidence adduced at trial, Stringfield was convicted by a jury of, inter alia, conspiracy to distribute and possess with intent to distribute crack cocaine. As we have explained, the circumstantial evidence at trial was sufficient to support the jury's finding that Stringfield conspired with others to

8

execute a drug distribution scheme. Accordingly, the district court's denial of his

motion for judgement of acquittal is **AFFIRMED**.