[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 27, 2005
THOMAS  K. KAHN
CLERK

No. 00-15847

D. C. Docket No. 98-00019 CR-1-MMP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KALYN NAGEL,

Defendant-Appellant.

_____

No. 01-16356

_____

D. C. Docket No. 98-00019 CR-1-MMP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUDITH GIGLIO,
a.k.a. Judie Giglio,

Defendant-Appellant.

_____

No. 02-16832
_____

D. C. Docket No. 98-00019 CR-1-9-MMP

UNITED STATES OF AMERICA,

                                         Plaintiff-Appellee,

    versus

KALYN NAGEL,
JUDITH GIGLIO,
a.k.a. Judie Giglio,

                                        Defendants-Appellants.

_____

Appeals from the United States District Court
for the Northern District of Florida
_____

(September 27, 2005)

**ON REMAND FROM THE SUPREME COURT
OF THE UNITED STATES**

Before EDMONDSON, Chief Judge, DUBINA and COX, Circuit Judges.

PER CURIAM:

2

A jury found Defendants Giglio and Nagel guilty of conspiracy to launder money obtained through wire fraud. Nagel and Giglio appealed their convictions; we affirmed. United States v. Nagel, No. 00-15847, 2004 WL 1578993 (11th Cir. Jun. 30, 2004) (Table); United States v. Giglio, No. 01-16356, United States v. Nagel, No. 00-15847, 2004 WL 1578994 (11th Cir. Jun. 30, 2004) (Table). Defendants appealed our decision to the United States Supreme Court. The Court vacated the judgments and remanded the cases to us in the light of United States v. Booker, 125 S. Ct. 738 (2005). Giglio v. United States, 125 S. Ct. 1689 (2005); Nagel v. United States, 125 S. Ct. 1052 (2005).

Defendant Giglio raised no Booker/Blakely/Apprendi objection at trial or on appeal. The Supreme Court's remand does not make the issue -- which was abandoned -- timely before us. United States v. Dockery, 401 F.3d 1261, 1263 (11th Cir. 2005). See United States v. Ardley, 242 F.3d 989, 990 (11th Cir. 2001) (recognizing that the Supreme Court did not indicate this Court should ignore "our well-established rule that issues and contentions not timely raised in the briefs are deemed abandoned").

Defendant Nagel did raise a sentencing issue to the district court and on her initial appeal. At the sentencing hearing before the district court, Nagel's counsel argued the evidence was insufficient to support a sentence enhancement for

obstruction of justice.  What was said cited no caselaw, nor did it raise a question about the propriety of judicial fact-finding.[1]

On appeal, Nagel raised three arguments about the obstruction of justice enhancement: (1) the statements that the court considered to be perjury were not material; (2) the district court did not make specific factual findings to support its determination; and (3) Nagel's statements were consistent with the evidence at trial.  We previously rejected the contentions, and they do not raise constitutional, Booker/Blakely/Apprendi kind of objections.  United States v. Dowling, 403 F.3d 1242, 1245 (11th Cir. 2005).  See generally United States v. Martinez, 96 F.3d 473, 475 (11th Cir. 1996) (deciding that issue framing matters).  Accordingly, we again affirm the sentence and conviction.

Even if we thought the appellate brief framed and raised a Booker/Blakely/Apprendi issue, we would review it for plain error, because Nagel's counsel's statement in the trial court did not raise the issue.  United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005);  Dowling, 403 F.3d at 1245.

---

[1]Nagel's counsel said: "The record is going to simply reject very substantially everything that [the prosecuting attorney] has said regarding my client saying something that somehow should increase her responsibility by two points for obstruction of justice and not being truthful on the stand.  As the Court knows, in a case that involves the application of deliberate indifference or in a case of an activity which in and of itself is not illegal, intent can be proven.  And in this case apparently it was accepted by the government that she should have known.  Simply because she took the stand and testifies on her own behalf does not mean that she wasn't speaking the truth as she understands it to be.  Based on the record, the Court should disallow the two points."

Under the plain error review, we decide whether the district court made (1) an error; (2) that is plain; and (3) that affects substantial rights. Id. Nagel bears the burden of demonstrating the three elements.

Presuming without deciding the district court erred, we conclude that Nagel cannot show that such an error affected her substantial rights. Unlike the defendant in United States v. Shelton, 400 F.3d 1325, 1332-33 (11th Cir. 2005), Nagel cannot show that a reasonable probability existed that "the district court would have imposed a lesser sentence . . . if it had not felt bound by the Guidelines . . . [and that] a reasonable probability that some sentence below the Guidelines range would be permissible and reasonable in light of Booker and the [18 U.S.C.] § 3553(a) factors." The transcript is void of those kinds of concerns by the district court.

In all matters, the district court's order is again affirmed.

AFFIRMED.