[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-14252
Non-Argument Calendar

_____

D.C. Docket No. 1:11-cr-20108-MGC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICARDO VIGNE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 11, 2014)

Before TJOFLAT, WILSON and JORDAN, Circuit Judges.

PER CURIAM:

Ricardo Vigne appeals his convictions for conspiracy to traffic in and use

unauthorized access devices, in violation of 18 U.S.C. § 1029(b)(2); trafficking in

and using unauthorized access devices, in violation of 18 U.S.C. § 1029(a)(2); and

aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1).  On appeal,

Vigne first argues that the court erred by admitting evidence of his 2006

convictions for identity theft and attempted grand larceny.  Specifically, he argues

the convictions are not sufficiently similar to the offenses charged in the present

indictment to outweigh concerns of undue prejudice.  Second, Vigne argues that

the district court should have granted his motion for judgment of acquittal as to the

conspiracy count because there was insufficient evidence to support a conviction.

For the reasons stated below, we affirm.

## I.

We review the district court's rulings as to the admission of evidence for

abuse of discretion.  *United States v. Jiminez*, 224 F.3d 1243, 1249 (11th Cir.

2000).  Rule 404(b) of the Federal Rules of Evidence allows evidence of past

crimes to be admitted when the purpose of the evidence is to prove, among other

things, the defendant's identity.  Fed. R. Evid. 404(b).[1]

In order for 404(b) evidence to be admissible, it must satisfy a three-part

test.  *United States v. Miller*, 959 F.2d 1535, 1538 (11th Cir. 1992) (en banc).

---

[1] Rule 404(b) provides, in pertinent part:

Evidence of a crime . . . is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. . . . This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

First, the evidence must be relevant to some issue besides the defendant's character. *Id.* Second, there must be sufficient proof to allow a jury to find the defendant committed the act. *Id.* Third, the evidence's probative value must not be substantially outweighed by one of the dangers listed in Federal Rule of Evidence 403. *Id.*[2]

However, the application of this test varies depending on the purpose for which the evidence is offered. *United States v. Phaknikone*, 605 F.3d 1099, 1108 (11th Cir. 2010). When a prior act is introduced for the purpose of proving identity, it "must satisfy a particularly stringent analysis." *Id.* (internal quotation marks omitted) When evidence of prior acts is offered to prove identity, the first prong of the *Miller* test—the relevance prong—turns on the level of similarity between the charged crime and the prior act. *Miller*, 959 F.2d at 1538–39. For the prior act to be relevant, "[t]he physical similarity must be such that it marks the offenses as the handiwork of the accused. In other words, the evidence must demonstrate a modus operandi." *Id.* at 1539 (internal quotation marks omitted). "'The . . . act must be a "signature" crime, and the defendant must have used a modus operandi that is uniquely his.'" *Phaknikone*, 605 F.3d at 1108 (quoting

_____

[2] Only the first and third prongs of the *Miller* test—relevance and Rule 403 balancing, respectively—are disputed here. However, we have held that the third prong has "no logical application to bench trials." *See Gulf States Utils. Co. v. Ecodyne Corp.*, 635 F.2d 517, 519 (5th Cir. Unit A Jan. 1981). We presume that, when making a decision, trial judges are able to exclude from their minds the improper inferences that one might draw from a piece of evidence. *Id.* Accordingly, Vigne can only prevail if the district court abused its discretion when it determined the evidence of the prior conviction was relevant.

3

*Miller*, 959 F.2d at 1540 (Kravitch, J., concurring)).  This requirement "insure[s] that the government is not relying on an inference based on mere character—that a defendant has a propensity for criminal behavior.  Evidence cannot be used to prove identity simply because the defendant has at other times committed the same commonplace variety of criminal act."  *Id.* (citation and internal quotation marks omitted)

The district court did not abuse its discretion by admitting evidence of Vigne's prior conviction.  In 2006, Vigne was convicted of possession of a forged instrument after he attempted to purchase a laptop using a stolen Bank of America debit card and a fake New York driver's license.  In the instant case, Vigne was accused of, among other things, using a fake New York driver's license to redeem a U.S. Post Office money order.  At the time of his arrest, Vigne was carrying a stolen Bank of America debit card.  While the two crimes were not exactly the same, the manner in which they were carried out present the same unique characteristics—the use of a stolen Bank of America debit card in conjunction with a fake New York driver's license to fraudulently obtain something of value.  These shared characteristics are sufficiently similar to be considered Vigne's signature or modus operandi.  As such, the district court did not abuse its discretion by admitting the evidence of Vigne's prior conviction.

**II.**

"We review de novo whether sufficient evidence supports a conviction . . . ." *United States v. Brown*, 415 F.3d 1257, 1270 (11th Cir. 2005).  In doing so, "we must determine whether the evidence, construed in the light most favorable to the government, would permit the trier of fact to find the defendant guilty beyond a reasonable doubt." *Id.* (internal quotation marks omitted).  We do not make credibility determinations or evaluate the weight of the evidence; we merely affirm the verdict where "there is a reasonable basis in the record for it." *Id.* (internal quotation marks omitted).

"To support a conspiracy conviction, the government must prove (1) an agreement between the defendant and one or more persons, (2) the object of which is to do either an unlawful act or a lawful act by unlawful means." *United States v. Garcia*, 405 F.3d 1260, 1269 (11th Cir. 2005) (per curiam) (internal quotation marks omitted).  To prove the defendant participated in the conspiracy, "the government must have proven beyond a reasonable doubt, even if only by circumstantial evidence, that a conspiracy existed and that the defendant knowingly and voluntarily joined the conspiracy." *Id.*

While mere presence at a scene is insufficient alone to establish a conspiracy, "presence is a material and probative factor" that may be considered. *United States v. Iglesias*, 915 F.2d 1524, 1527 (11th Cir. 1990).  Moreover, "a defendant may be convicted of conspiring with persons unknown if sufficient

5

evidence supports the existence and involvement of such unknown persons." *United States v. Martinez*, 96 F.3d 473, 477 (11th Cir. 1996) (per curiam) (internal quotation marks omitted).

Construed in the light most favorable to the government, the evidence here permitted the court to find Vigne guilty of the conspiracy charge beyond a reasonable doubt. *See Brown*, 415 F.3d at 1270. The record indicates that Vigne and an unidentified man made withdrawals on the Yaeger Foundation's bank account from the same ATM, with the same PIN, within thirty minutes of each other. From this, the court could infer that the men knowingly and willfully agreed to accomplish an unlawful act. Accordingly, the district court's decision is affirmed.

**AFFIRMED.**