[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-13815
Non-Argument Calendar
_____

D.C. Docket No. 2:09-cr-00081-WKW-SRW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANIEL LAMAR HATCHER,
a.k.a. Doo Doo,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(September 1, 2020)

Before JILL PRYOR, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Daniel Lamar Hatcher, a federal prisoner proceeding *pro se*, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2)[1] motion for a reduction in sentence under the First Step Act of 2018.  He argues that the district court abused its discretion in denying his motion.[2]

In April 2010, a jury convicted Hatcher of one count of conspiring to distribute or possess with the intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and one count of

---

[1] Section 3582(c)(2) provides as follows:

in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2)

[2]  Hatcher also raises other challenges to the validity of his sentence, arguing that the career offender statute is unconstitutionally vague and he does not qualify as a career offender, and that the district court failed to adequately explain his sentence and failed to properly consider the 18 U.S.C. § 3553(a) factors.  These claims, however, fall "outside the scope of the proceeding authorized by § 3582(c)(2)."  *See Dillon v. United States*, 560 U.S. 817, 831 (2010) (explaining that a petitioner cannot use § 3582(c)(2) to challenge other aspects of his original sentence that were not affected by the Guideline amendments in question as such challenges to the original sentence fall "outside the scope of the proceeding authorized by § 3582(c)(2)"); *United States v. Bravo*, 203 F.3d 778, 782 (11th Cir. 2000) ("Section 3582(c) . . . does not grant to the court jurisdiction to consider extraneous resentencing issues . . . .").  Moreover, even assuming arguendo that these challenges were cognizable, Hatcher failed to raise these arguments in the proceeding below and we do not consider issues raised for the first time on appeal.  *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004); *United States v. Richards*, 646 F.2d 962, 963 (5th Cir. 1981) ("Generally, an appellate court does not consider issues raised for the first time on appeal.").

2

distributing or possessing with intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.[3]  He was deemed a career offender and was sentenced on August 8, 2012 to a total of 300 months' imprisonment.

As relevant here, the Fair Sentencing Act of 2010 amended 21 U.S.C. §§ 841(b)(1) and 960(b) to reduce the sentencing disparity between crack-cocaine and powder-cocaine offenses.  *See* Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372; *see also Dorsey v. United States*, 567 U.S. 260, 268–69 (2012) (detailing the history that led to enactment of the Fair Sentencing Act).  Specifically, § 2 of the Fair Sentencing Act changed the quantity of crack cocaine necessary to trigger a 10-year mandatory-minimum sentence from 50 grams to 280 grams and the quantity necessary to trigger a 5-year mandatory minimum from 5 grams to 28 grams.  Fair Sentencing Act § 2(a)(1)-(2); *see also* 21 U.S.C. § 841(b)(1)(A)(iii), (B)(iii).  The Fair Sentencing Act took effect on August 3, 2010.  *Dorsey*, 567 U.S. at 270.  While the Act was not retroactive, the reduced statutory penalties applied to all defendants who were sentenced after the Act's

---

[3] Following his trial, the district court vacated the jury verdict and granted Hatcher's motion for a new trial concluding that "the interests of justice require[d] a new trial in this case" due to the "highly strained relationship between Hatcher and his counsel."  The government appealed, and this Court vacated the order and remanded the case for further findings and explanation as to whether or not a new trial should be granted.  On remand, after conducting a hearing on December 16, 2011, the district court denied Hatcher's motion for a new trial, thereby reinstating the jury verdict.

effective date, even if the criminal offense occurred prior to the Act's effective date. *Id.* at 281.

Subsequently, in 2018, Congress enacted the First Step Act, which made the Fair Sentencing Act's reduced statutory penalties retroactive for covered offenses committed prior to the Fair Sentencing Act's effective date of August 3, 2010. *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, § 404(a). Thus, under § 404(b) of the First Step Act, a court "that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act [] were in effect at the time the covered offense was committed." *Id.* § 404(b). The First Step Act, however, precludes a court from entertaining a motion for reduction of sentence "if the sentence was previously imposed . . . in accordance with" the Fair Sentencing Act's reduced statutory penalties. *Id.* § 404(c).

We review a district court's authority to modify a sentence *de novo*. *United States v. Jones*, 962 F.3d 1290, 1296 (11th Cir. 2020). We review the district court's denial of a movant's request for a reduced sentence under the First Step Act for an abuse of discretion. *Id.* "A district court abuses its discretion when it 'applies an incorrect legal standard.'" *Id.* at 1304 (quoting *Diveroli v. United States*, 803 F.3d 1258, 1262 (11th Cir. 2015)). District courts lack the inherent authority to modify a term of imprisonment but may do so to the extent that a

statute expressly permits.  18 U.S.C. § 3582(c)(1)(B).  "[T]he First Step Act expressly permits district courts to reduce a previously imposed term of imprisonment."  *Jones*, 962 F.3d at 1297.

In this case, Hatcher was sentenced on August 8, 2012, over two years after the effective date of the Fair Sentencing Act of 2010, and Hatcher's presentence investigation report confirms that the Fair Sentencing Act's reduced penalties were applied in his case.  Thus, he already received the benefit of the Fair Sentencing Act's reduced penalties for crack-cocaine offenses.  *Dorsey*, 567 U.S. at 281. Accordingly, the district court did not abuse its discretion in denying his § 3582(c)(2) motion for a reduction of sentence based on the First Step Act.  *See* First Step Act § 404(c).  Consequently, we affirm.

**AFFIRMED.**